**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PIEDMONT ENVIRONMENTAL COUNCIL;
SIERRA CLUB,

        *Plaintiffs-Appellants,*

        v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION; RODNEY E. SLATER,
in his official capacity as Secretary
of the United States Department of
Transportation; FEDERAL HIGHWAY
ADMINISTRATION; KENNETH R.
WYKLE, in his official capacity as
Administrator, Federal Highway
Administration; DAVID S. GENDELL,
in his official capacity as Regional
Administrator, Region 3, Federal
Highway Administration; ROBERTO
FONSECA-MARTINEZ, in his official
capacity as Division Administrator,
Virginia Division, Region 3, Federal
Highway Administration; NORMAN
Y. MINETA, in his official capacity
as Secretary of the United States
Department of Transportation;
MARY PETERS, Administrator,
Federal Highway Administration;
WHITTINGTON W. CLEMENT, Secretary
of the Virginia Department of
Transportation and Chairman of the
Commonwealth Transportation
Board,

        *Defendants-Appellees.*

No. 01-2286

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-98-4-C)

Argued: December 3, 2002

Decided: February 7, 2003

Before WILLIAMS and TRAXLER, Circuit Judges, and
Richard L. WILLIAMS, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed in part and remanded in part with instructions to dismiss by
unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Deborah M. Murray, SOUTHERN ENVIRONMENTAL
LAW CENTER, Charlottesville, Virginia, for Appellants. Robert
Harris Oakley, Environment & Natural Resources Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellees. **ON BRIEF:** Thomas L. Sansonetti, Assistant Attorney
General, Andrew C. Mergen, Susan Pacholski, Environment & Natu-
ral Resources Division, John L. Brownlee, United States Attorney,
Julie C. Dudley, Assistant United States Attorney, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Appel-
lees; Jerry W. Kilgore, Attorney General, Christopher D. Eib, Assis-
tant Attorney General, Suzanne T. Ellison, Assistant Attorney
General, Richmond, Virginia, for Appellee Clement.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Piedmont Environmental Council (PEC) and the Sierra Club, the plaintiffs, appeal the August 21, 2001, order of the district court, which granted summary judgment in favor of the defendants on eight of the nine counts alleged by PEC and the Sierra Club in their complaint. PEC and the Sierra Club alleged that the actions of the defendants relating to construction of a bypass west of Route 29 in Charlottesville, Virginia violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*., and Section 4(f) of the Department of Transportation Act, (Section 4(f)), 49 U.S.C. § 303; 23 U.S.C. § 138. The district court agreed with the plaintiffs on Count Two of their complaint, and granted summary judgment in their favor on that count. The defendants did not appeal that ruling and that count is not before the court. As to the remaining counts, PEC and the Sierra Club contend that the district court erred in its conclusion that the defendants complied with the requirements of NEPA and Section 4(f). The defendants ask this court to affirm the order of the district court. Additionally, the defendants assert that the plaintiffs lack standing to bring these challenges. For the reasons stated below, we affirm in part and remand in part with directions to dismiss.

This action arose from the lengthy study of traffic congestion along the Route 29 corridor in and around Charlottesville, Virginia, and the ultimate decision to construct a bypass west of Route 29 to help alleviate traffic congestion. The facts and procedural background are outlined extensively in the opinion of the district court, *Piedmont Environmental Council v. United States Department of Transportation*, 159 F. Supp. 2d 260 (W.D. Va. 2001), which is incorporated herein by reference.

The district court's review of the defendants' actions is governed by the Administrative Procedure Act, 5 U.S.C. § 706. Pursuant to that Act, the district court may overturn an agency's decision only if the administrative record reveals that the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The district court must make a "searching and careful" inquiry into the facts and determine "whether the deci-

sion was based on a consideration of all the relevant factors and whether there has been a clear error of judgment," but the court may not substitute its own judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). Because the appellate court reviews a grant or denial of summary judgment *de novo*, we review the Federal Highway Administration's decisions under the same standards applicable in the district court.

NEPA establishes "a national policy of protecting and promoting environmental quality." *Hughes River Watershed Conservancy v. Glickman*, 81 F.3d 437, 443 (4th Cir. 1996). NEPA does not place substantive requirements on federal agencies, but to ensure that decisions are well-informed, NEPA requires certain procedures be followed before an agency undertakes a project that may affect the environment. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350-51 (1989). NEPA's purposes include ensuring that an agency "will have available, and will carefully consider, detailed information concerning significant environmental impacts" and that "the relevant information will be made available to the larger audience that may also play a role in both the decisionmaking process and the implementation of that decision." *Id.* at 349. NEPA's procedural requirements also serve the purpose of assuring the public that an agency has considered environmental impacts in making its decision. *Id.* Once "the adverse environmental effects of the proposed action are adequately identified and evaluated," however, an agency is entitled to decide that "other values outweigh the environmental costs" and pursue the project. *Id.* at 350-51. In determining whether NEPA's procedural requirements were followed, the court must determine, from the administrative record, whether the agency took a "hard look" at the environmental consequences, and if so, whether the agency's decision was arbitrary and capricious. *Hughes River*, 81 F.3d at 443.

Serving a similar purpose, Section 4(f) provides:

> The Secretary [of Transportation] may approve a transportation program or project requiring the use . . . of publicly owned land of a public park, recreation area, or wildlife and waterfowl refuge of national, State, or local significance, or land of an historic site of national, State or local significance . . . only if —

> (1)   there is no prudent and feasible alternative to using that land; and
>
> (2)   the program or project includes all possible planning to minimize harm to the park, recreation area, wildlife and waterfowl refuge, or historic site resulting from the use.

49 U.S.C. § 303(c); 23 U.S.C. § 138. In reviewing an agency's decision to determine whether it complied with Section 4(f), a court must conduct a three-part inquiry. *Overton Park*, 401 U.S. at 415-17. First, the court must determine whether the Secretary "acted within the scope of his authority," meaning that the Secretary "could have reasonably believed that in this case there are no feasible alternatives or that alternatives do involve unique problems." *Id.* at 415-16. Second, the court must determine whether the Secretary's decision was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 416 (quoting 5 U.S.C. § 706(2)(A)). Finally, the court must determine whether the Secretary "followed the necessary procedural requirements." *Id.* at 417.

Although the issue was not raised before the district court, the defendants now argue that the plaintiffs lack standing. Accordingly, before addressing the merits of the appeal, we must examine whether the plaintiffs have standing to bring these challenges.

Litigants must have a sufficient personal interest in the outcome of the litigation in order to establish standing pursuant to Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The issue of standing is jurisdictional, and it may be raised for the first time on appeal. *Hodges v. Abraham*, 300 F.3d 432, 443 (4th Cir. 2002). The plaintiffs, as the parties invoking federal jurisdiction, must show three elements to establish standing: (1) that they suffered an "'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury is "fairly traceable to the challenged action of the defendant[s];" and (3) that the injury is likely to be redressed by a favorable decision by the court. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61). An organization may sue

as the representative of its members only if it establishes that its members "would otherwise have standing to sue in their own right." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. at 180-81. An organization must also show that "the organization seeks to protect interests germane to the organization's purpose; and [that] neither the claim asserted nor the relief sought requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 155 (4th Cir. 2000) (en banc).

Here, the plaintiffs, as organizations, are proper parties to bring a suit as long as at least one member would have standing to sue in his or her own right. The defendants admit that the plaintiffs satisfy the final two elements of standing, but they argue that the first element, injury in fact, is not met because the plaintiffs fail to identify any specific member of either organization who has suffered an "invasion of a legally protected interest." *Defenders of Wildlife*, 504 U.S. at 560.

Allegations in a complaint are not sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The jurisdictional issue of standing is subject to the same requirement as other elements of a claim on summary judgment, and the plaintiffs must show, by affidavits or other evidence, "specific facts" that identify individual members with a specific injury who satisfy the elements of standing in their own right and thereby create standing for PEC and the Sierra Club to sue on their behalf. *Defenders of Wildlife*, 504 U.S. at 561; Fed. R. Civ. P. 56(e). Although no affidavits were submitted to the district court on this issue, where a challenge to standing is raised for the first time on appeal, additional evidence may be submitted to the court of appeals. *Sierra Club v. Environmental Protection Agency*, 292 F.3d 895, 899 (D.C. Cir. 2002).

Plaintiffs submitted declarations of Robert R. Humphris, a member of PEC, and Beth S. Kuhn, a member of the Sierra Club, in an attempt to remedy the standing issue. We grant the plaintiffs' motion for leave to submit those declarations and accept them as part of the record, but we find that they are nonetheless insufficient to establish standing on all counts of the plaintiffs' complaint.

The defendants conceded at oral argument, and we agree, that the declarations establish standing for the plaintiffs to bring a challenge

under NEPA with respect to the bypass and to challenge compliance with Section 4(f) with respect to the school complex. However, we also agree with the defendants that the plaintiffs fail to establish standing to challenge compliance with Section 4(f) with respect to Schlesinger Farm and Westover. The declarations submitted by the plaintiffs provide no statement that the individuals will suffer "actual and imminent" direct injury with respect to those properties. *See Defenders of Wildlife*, 504 U.S. at 560. In fact, the declarations are void of any mention of Schlesinger Farm or Westover. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972). We also find that the plaintiffs have no standing to raise a challenge based on the endangered species, the James Spineymussel. Like the Schlesinger Farm and Westover properties, there is no evidence that the representative members who supplied the declarations derive any enjoyment or benefit from the endangered species, and the plaintiffs fail to establish that they have a "concrete and particularized" interest in the James Spineymussel that will be harmed by the proposed construction. *See Defenders of Wildlife*, 504 U.S. at 560. Therefore, the plaintiffs have no standing to challenge the agency's action on that ground.

Count Five of the plaintiffs' complaint addresses the Schlesinger Farm and Westover properties. Because we find that the plaintiffs have no standing on that issue, we remand to the district court with instructions to dismiss Count Five. Count One of the plaintiffs' complaint alleges various deficiencies in the Final Environmental Impact Statement, including the argument that the defendants failed adequately to consider the direct environmental impacts of the proposed bypass on the James Spineymussel population. Although the plaintiffs have an insufficient interest in the James Spineymussel for that alone to create standing to challenge the project, the plaintiffs have established other grounds that create standing on Count One of their complaint. The plaintiff organizations include members who own property directly adjacent to the proposed bypass route, and the plaintiffs' interest in their land, the Reservoir, the drinking water, and the school complex property satisfy the requirement that the plaintiffs will suffer an injury in fact from construction of the proposed bypass. Thus, they have standing to challenge the Federal Highway Administration's actions under NEPA and under Section 4(f) with regard to the school

complex. Therefore, with the exception of Count Five, the plaintiffs have established standing for all counts in their complaint.

Having resolved the question of standing, we next address the merits of the appeal on Counts One, Three, Four, Six, Seven, Eight, and Nine. We have carefully reviewed the extensive record, and as to those counts, we affirm based on the reasoning of the district court. The agency followed all proper procedures as required by NEPA and Section 4(f). The Federal Highway Administration took a "hard look" at the environmental consequences of the various alternatives, followed all proper procedures, and its decision was not arbitrary or capricious. Likewise, the agency acted within the scope of its authority with respect to the Section 4(f) property at the school complex, its decision was not arbitrary and capricious, and all proper procedures were followed.

We therefore affirm the district court's grant of summary judgment in favor of the defendants on Counts One, Three, Four, Six, Seven, Eight, and Nine, and we remand with instructions for the district court to dismiss Count Five.

*AFFIRMED IN PART, REMANDED IN PART*
*WITH INSTRUCTIONS TO DISMISS*